## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DARRELL GILES,** | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:18-CV-03168** |
| | § | |
| **CITY OF HOUSTON, TEXAS, STATE OF** | § | **JURY DEMAND** |
| **TEXAS, AND INDIVIDUALLY, HAROLD** | § | |
| **BOHN, DEREK MAIER, MARK** | § | |
| **STEWART and DPS TROOPER WILSON** | § | |
| *Defendants.* | | |

---

### PLAINTIFF'S SECOND AMENDED COMPLAINT

---

NOW COMES Plaintiff, DARRELL GILES, and files this Second Amended Complaint complaining of Defendants CITY OF HOUSTON, TEXAS, STATE OF TEXAS, HAROLD BOHN, DEREK MAIER, MARK STEWART and DPS TROOPER WILSON, hereinafter collectively referred to as ("Defendants") and for causes of action, would respectfully show unto the Court and jury the following:

### I.
### SUMMARY OF THE CASE

1.     Sergeant H. Bohn, Officer Mark Stewart, Officer Derek Maier and DPS Trooper Wilson, intentionally, maliciously and unlawfully, arrested Darrell Giles and Charles Hubbard for Public Affray. Defendants' actions were pursuant to unconstitutional policies, customs and/or practices of the City of Houston and Texas Department of Public Safety.

### II.
### PARTIES

2.     Plaintiff DARRELL GILES, is an individual who resides in Harris County, Texas.

3.     Defendant CITY OF HOUSTON is a Governmental Entity and political subdivision of the

1

State of Texas.  At all times material to the claims set forth herein, Mayor Sylvester Turner (hereinafter "Mayor Turner") was the top elected official of the City of Houston and its top policymaker for the City of Houston, along with members of the City Council. Mayor Turner approved the policies regarding investigation citizen complaints of police misconduct.

4.      Defendant Harold Bohn, sued in his individual capacity, at all times acted under color of law, and was employed as a Sergeant by Defendant Houston Police Department. Defendant Harold Bohn has supervisory responsibilities within the Houston Police Department.

5.      Defendant Derek Maier, sued in his individual capacity, at all times acted under color of law, and were employed by Defendant City of Houston.

6.      Defendant Mark Stewart, sued in his individual capacity, at all times acted under color of law, and were employed by Defendant City of Houston.

7.      Defendant DPS Trooper Wilson, sued in his individual capacity, at all times acted under color of law, and was employed by Defendant Department of Public Safety. Trooper Wilson's first name is currently unknown to Plaintiff.

8.      Defendant State of Texas, via the Department of Public Safety ("DPS") is a Governmental Agency, was and is organized and existing pursuant to the laws of the State of Texas, engaged in the hiring, training and supervision of law enforcement/corrections officers known as State Troopers.

9.      The Houston Police Department ("HPD") is a Governmental Agency, was and is and agency, department and/or subdivision of the City of Houston organized and existing pursuant to the laws of the State of Texas, engaged in the hiring, training and supervision of law enforcement/corrections officers.

10.     One or more of the individual Defendants had supervisory responsibilities with respect to

individual Defendants, and with respect to operations of the Houston Police Department.

11.     At all times material to the claims set forth herein, Chief Art Acevedo (hereinafter "Chief Acevedo") was the director of the Houston Police Department and was responsible for the oversight of the Houston Police Department, the development, promulgation, and implementation of policies, procedures and standards for the Houston Police Department.  Specifically, Chief Acevedo is the chief policymaker for the Houston Police Department and was directly responsible for the operations of the Houston Police Department and all of its officers, including those named herein. Chief Acevedo also approved the policies regarding HPD's Internal Affairs investigations of police misconduct.

12.     The Houston Police Department is responsible for, among other things, development, promulgation, and implementation of policies and procedures and standards for the Houston Police Department and more specifically policies, procedures and standards relating to the use of force, arrest, internal affairs investigations, discipline and overall conduct of officers working at the Houston Police Department.

13.     The City of Houston funds and operates the Houston Police Department, which, along with the Houston City Controller's Office, is responsible for the implementation of the police department's budget, policies, procedures, practices and customs, as well as the acts and omissions, challenged by this suit.  The Houston Police Department is also responsible for preventative investigative, and enforcement services for all citizens of the City of Houston.

14.     Defendant City of Houston is the employer of individual Defendants, and other unknown employees ("John and Jane Doe") defendants and is responsible for the acts and/or omissions of same that were performed in the course and scope of their employment for reasons set forth herein.

**III.**
**JURISDICTION, VENUE, AND BASIS FOR RELIEF**

15.     The subject matter in controversy is within the jurisdictional limit of the court. The court has jurisdiction over the claims. Jurisdiction exists under 28 U.S.C. §§ 1331 & 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983.  This Court has jurisdiction over Plaintiff's other claims under principles of pendent, ancillary and supplemental jurisdiction under 28 U.S.C. § 1367.

16.     For violations of his federal constitutional rights, Plaintiff is entitled to the requested relief against all Defendants and their employees because at all relevant times herein, their conduct was subject to 42 U.S.C. §§ 1983, 1985, 1986 and 1988.

## IV.
## ACTS OF AGENTS

17.     Whenever in this petition it is alleged that Defendant entities performed any act or thing, it is meant that the Houston Police Department, the City of Houston, State of Texas and Department of Public Safety through their agents, servants, employees, or representatives performed such act or thing and at the time such act or thing was done, it was done with the full authorization or ratification of the Defendants and was done in the normal and routine course and scope of employment with the Houston Police Department or the City of Houston as the facts may show.

## V.
## FACTUAL BACKGROUND

18.     On or about September 22, 2016, Defendant Darrell Giles was assaulted by several men at an apartment complex.  Mr. Giles was able to flee from his assailants and call for an ambulance for his injuries. Unfortunately, the ambulance dispatched to Mr. Giles' call for service was unable to locate Mr. Giles. Shortly his assault, Darrell Giles went to a Shell Gas Station located at 7104 Cullen Rd, Houston, Texas 77033.

19.     While at the gas station, Plaintiff along with another black male, Charles Hubbard were detained by DPS Trooper, Deputy Wilson (Badge # 14020), Houston Police Department ("HPD")

Sergeant Harold Bohn, HPD Officer Mark Stewart and HPD Officer Derek Maier.

20.     Plaintiff and Mr. Hubbard were seemingly detained under the suspicion that they were fighting in public.

21.     Plaintiff and Mr. Hubbard emphatically, consistently and unequivocally informed the Officers that they were not fighting.

22.     Plaintiff, went on to inform the Officers that he was assaulted earlier at a nearby location and that he called the police for help.

23.     The Defendants interviewed the gas station clerk who stated that he did not see Mr. Giles and Mr. Hubbard fighting.

24.     There were no witnesses that alleged that Mr. Giles and Mr. Hubbard were fighting.

25.     The Individual Defendants did not witness Plaintiff and Mr. Hubbard fighting.

26.     Plaintiff did state that he was fighting Mr. Hubbard.

27.     Mr. Hubbard did not state that he was fighting Plaintiff.

28.     In fact, there was no evidence at all that Mr. Giles and Mr. Hubbard had a fight.

29.     There was no probable cause to arrest Giles and Hubbard for Public Affray–Fighting in Public.

30.     Nevertheless, Sergeant Bohn, decided that Mr. Giles and Mr. Hubbard belonged in jail.

31.     Specifically, Sergeant Bohn made the following statements to the officers on scene:

**Sgt. Bohn**:      "Do you want to know my suggestion?"

"We need to put them in jail and get them off the street."

"You can use my numbers."

"You can do whatever you gotta do."

"Just get him gone."

32.     In response to Sergeant Bohn's instruction to arrest Plaintiff, Officer Mark Stewart proposed arresting Giles and Hubbard for "Public Affray" and Trooper Wilson began conducting a Horizontal Gaze Nystagmus test on Mr. Giles, looking for a reason to arrest Plaintiff. Sergeant Bohn's statements unequivocally show that Sergeant Bohn held no regard for Mr. Giles' and Mr. Hubbard's constitutional right to due process and right to remain free from unreasonable seizure.

33.     Thereafter, both Mr. Giles and Mr. Hubbard were arrested for Public Affray and transported to the HPD Central Jail.

34.     The offense report written in connection with Mr. Giles and Mr. Hubbard's arrest (Offense Report #121723516 "Offense Report") is replete with malicious falsehoods and inculpatory embellishments that contradict body camera footage, so greatly that good faith and reasonable mistakes are precluded as possible explanations for the discrepancies.

35.     The offense report written by Defendant Maier states that there were no witnesses to the alleged affray.

36.     The offense report states: "Sgt. Bohn determined that we had probable cause to arrest both suspects for class c fighting in public."

37.     Defendant Maier stated in the offense report that "Mr. Hubbard repeatedly told me that he was just trying to leave the store and Plaintiff attacked him." However, the report does not describe how Plaintiff attacked Mr. Hubbard.

38.     Defendant Maier further stated in the report that Mr. Hubbard said he was "only defending himself after the other suspect (Plaintiff) attacked him." However, the report does not describe how Mr. Hubbard defended himself.

39.     Hubbard never told Defendant Maier that he was only defending himself from Giles.

40.     Defendant Maier further stated in the report that: Plaintiff was "uncooperative, combative,

and belligerent. He (Plaintiff) did not offer any explanation for what he had done to the other suspect (Mr. Hubbard)."

41.     Maier made false statements in his Offense Report.

42.     Defendant Maier's body camera video of the arrest shows him arrive on the scene, search Mr. Hubbard and place Mr. Hubbard in the back of the patrol car. Defendant Maier's next contact with Mr. Hubbard was to inform him that he was going to jail. Mr. Hubbard did not make any of the statements Defendant Maier alleged Mr. Hubbard made in Defendant Maier's report.

43.     In fact, the Offense Report, viewed in conjunction with the Body Camera Footage, conclusively establishes that the Officers knowingly and intentionally arrested Mr. Giles and Mr. Hubbard without probable cause.

44.     Darrell Giles made a formal complaint (Issue Record # 52671-2018) to the Internal Affairs Department within the HPD, complaining that he was falsely arrested.

45.     Sergeant David Milligan from HPD Internal Affairs informed Mr. Giles that his "allegations of misconduct against the arresting officers are matters to be decided by the courts."

46.     Mr. Giles now bring this claim against the Defendants for violations of *42 U.S.C. § 1983* and False Arrest and Malicious Prosecution.

47.     After being arrested for Assault on a Public Servant, a felony, he was told that his class "C" charge for fighting in public was dismissed.

48.     Mr. Giles never received a citation for the Fighting in Public charge.

49.     In fact, no legally sufficient citation was ever written–whether issued to Giles or not– regarding Giles' alleged fight with Hubbard.

50.     Citation #M70546249-01 NT 2016 (the "Citation"), which was purportedly written by Defendant Stewart to Giles for "Fighting in Public" with Charles Hubbard, fails to 1) identify a

witness[1]; 2) provide Giles with a court date or location in which he was to have his proverbial, day in court[2]; 3) properly allege the manner and means in which the offense occurred; and 4) the Citation is not signed by Giles. All of which are constitutional requirements to ensure Giles receives due process. Accordingly, the Citation should have been dismissed as a matter of law by the court.

51.     Further, as Giles did not sign the Citation, there was no mandate for him to appear in court.

52.     Further, none of the arresting officers filed a criminal complaint against Giles for Fighting in Public.

53.     The formal complaint purported to be filed against Giles for his Fighting in Public charge, filed in Municipal Court #1, Cause #M70546249-01 NT 2016 (the "Complaint"), fails to allege the manner and means in which the offense was committed and was not signed by a competent affiant. Because Officer Stewart failed to allege the manner and means in which the offense was committed, Amy Doss, or any person without personal knowledge of the circumstances of the arrest and are merely relying on the testimony of the arresting officer, are ill-equipped to form the requisite "reasonable belief" that Plaintiff committed the criminal offense of which he was accused.

54.     As the Offense Report and Citation both fail to list any witnesses or describe the manner and means in which the offense occurred, there can be no hearsay-affiant to swear that probable cause existed or that the offense occurred.

---

[1] A witness is required to establish probable cause in an offense of this nature.

[2] "A peace officer who is charging a person with committing an offense that is a Class C misdemeanor may, instead of taking the person before a magistrate, issue a citation to the person that contains [written notice of the time and place the person must appear before a magistrate]." *Tex. Code of Crim. Pro. 14.06(1)*; *Sec. 543.003 Tex. Transportation Code*.

55.     Lastly, Plaintiff was never presented with the Citation or Complaint.

56.     As Plaintiff was never presented with the Citation or Complaint–or any notices regarding his Class "C" Fighting in Public charge, he never appeared in Court #8–or any other municipal court–and plead no contest. In fact, the only plea Plaintiff has entered, regarding his September 22, 2018, arrest, was "Not Guilty."

## VII.
## CAUSES OF ACTION

### 42 U.S.C. § 1983

**"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.[3]"**

### COUNT 1 – UNREASONABLE SEIZURE WITHOUT DUE PROCESS OF LAW

57.     Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

58.     Acting under the color of law, the Defendants have deprived Plaintiff of the rights and privileges secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws of the United States.

59.     As a direct and proximate result of the above-described actions of the individual Defendants, Plaintiff was deprived of his rights as guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

60.     Specifically, Plaintiff alleges that he was arrested without probable cause and in violation of the clear authority of the laws of the State of Texas.

---

[3] 42 U.S.C. § 1983 (emphasis added).

61.     Plaintiff further alleges that such arrest was in violation of his recognized right under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and that such arrest and detention was in violation of his recognized liberty interest under the Fourteenth Amendment of United States Constitution due process clause. Plaintiff's arrest was made under color of state law and under the authority of Defendants as agents of the City of Houston and the State of Texas in violation of 42 USC § 1983.

62.     Plaintiff, by virtue of the wrongful arrest and subsequent incarcerations, has suffered unreasonable seizure of his person in the form of a prolonged confinement in the Harris County Jail. Additionally, Plaintiff's federally protected rights have been violated by the Defendants. Specifically, by knowingly making false allegations and charges against Plaintiff, Defendants violated Plaintiff's to substantive and procedural due process.

63.     Defendant Wilson, with full awareness that a scheme to unlawfully arrest Plaintiff was unfolding, allowed the unlawful arrest of Plaintiff and the events which led up to it go unchecked even though his duty was to uphold the laws and oversee the actions of the State of Texas. Defendant Wilson was at all time complicit in the unlawful arrest. Not only did Defendant Wilson fail to intervene, he cooperated in the unlawful arrest of Plaintiff.

64.     Defendant Stewart allowed the arrest of Plaintiff and the events which led up to it go unchecked even though his duty was to uphold the laws of the State of Texas and oversee the actions of the City of Houston. Although Defendant Stewart unlawfully arrested Plaintiff at the instruction of his supervisor, Defendant Bohn, his duty remained. Not only did Defendant Stewart fail to intervene, he cooperated in the unlawful arrest of Plaintiff by suggesting that Plaintiff be arrested for Public Affray, causing Hubbard to be unlawfully arrested as well.

65.     Defendant Maier allowed the arrest of Plaintiff and the events which led up to it go

unchecked even though his duty was to uphold the laws of the State of Texas and oversee the actions of the City of Houston. Although Defendant Maier unlawfully arrested Plaintiff at the instruction of his supervisor, Defendant Bohn, his duty remained. Not only did Defendant Maier fail to intervene, he cooperated in the unlawful arrest of Plaintiff by fabricating the Offense Report.

66.     Defendant Bohn, the supervising officer on scene, caused Plaintiff to be arrested in violation of his civil rights. Bohn's actions were malicious and egregious, especially as his duty was not only to protect Plaintiff, but also supervise Defendants Stewart and Maier.

67.     Defendants, intentionally and/or recklessly, unlawfully arrested Plaintiff for a violation of law, namely Public Affray, with actual knowledge, or constructive knowledge, that he did not violate said law. The Defendants intentionally and knowingly manufactured false charges against the Plaintiff, and Defendants knew, at the time, that they did not have any probable cause to arrest the Plaintiff for fighting in public. It is well-established that warrantless arrests must be supported by probable cause. The Defendants' conduct not only violated Plaintiff's Fourth Amendment Rights to remain free from unreasonable seizure without due process of law, but their actions also violated Texas Penal Code 39.03 – Official Oppression. Further showing that Defendants violated clearly established law.

68.     Alternatively, Defendants were deliberately indifferent as to whether or not he did violate the law. In either event, it is clear that their actions were either plainly incompetent, reckless or knowingly in violation of clearly established law.

69.     Defendants also wrongfully incarcerated Plaintiff, harassed, abused, and otherwise violated the basic civil rights afforded all citizens in the United States.

70.     On September 22, 2016, Defendants Bohn, Maier, Stewart and Wilson knew:

      a.   They lacked probable to arrest Plaintiff;

    b.   They did not have a warrant to arrest Plaintiff;

    c.   There were no witnesses to the alleged fight;

    d.   That Plaintiff denied fighting Mr. Hubbard; and

    e.   Mr. Hubbard denied fighting Plaintiff.

71.    Accordingly, Defendants arrest of Plaintiff was unsupported by lawful authority and violated Plaintiff's Constitutional rights. As there is no reasonable dispute to the above facts, the Defendants had no reason to believe that probable cause existed to arrest Plaintiff for Public Affray.

72.    On September 22, 2016, any reasonable or prudent officer would have known that there was no probable cause to arrest Plaintiff and Mr. Hubbard under these circumstances.

73.    Defendants statements in the offense report demonstrate that Defendants knowingly and intentionally violated Plaintiff's Constitutional rights. Officers Maier and Stewart arrested Plaintiff pursuant to an order, or recommendation of Sergeant Bohn, who, incredibly, told the officers "you can do whatever you gotta do… [just get him gone]." The statement of Sergeant Bohn unequivocally indicates that 1) Sergeant Bohn's perceived need of putting Plaintiff and Mr. Hubbard in jail was more important than Plaintiff's constitutional rights; and 2) Sergeant Bohn, Officer Stewart and Officer Maier's conscious disregard as to whether Plaintiff and Mr. Hubbard actually committed a crime.

74.    By their actions and or inactions as described above, Defendants have violated *42 U.S.C. § 1983* and the constitutional provisions cited therein. Specifically, Officers arrested the Plaintiff without probable cause and without even "arguable" probable cause. The Officers intentionally and knowingly made false charges against the Mr. Giles and Officers knew, at the time, that they did not have any probable cause to arrest Plaintiff for Public Affray.

75.     As a proximate result of the unlawful arrest and the falsified police report, Plaintiff was incarcerated in the county jail pending trial of criminal charges subsequently filed against Mr. Giles.

76.     As a direct and proximate result of the above-described actions of the Defendants, Plaintiff was deprived of his rights as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and *42 U.S. C. §1983*. Specifically, Plaintiff, by virtue of the wrongful arrest and wrongful incarceration, has suffered unreasonable seizure of his person in the form of a prolonged confinement in the City and Harris County Jail.

77.     As a direct and proximate result of the above-described actions of the individual Defendants, Plaintiff was deprived of his rights as guaranteed by the Constitution of the United States and 42 U.S.C. § 1983. These same acts of Defendants were a direct and proximate cause of the violations sustained by Plaintiff under state law.

## COUNT 2 – 42 U.S.C. § 1983 MONELL CLAIM

78.     Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

79.     The City of Houston had knowledge of, or had it diligently exercised its duty to investigate allegations of employee misconduct, would have had knowledge of the wrongs done to Plaintiff. After adequate notice of Mr. Giles allegations of being unlawfully arrested, Defendant City of Houston, by and through the Houston Police Department, refused to investigate claims made by Mr. Giles. Defendant City and Chief Art Acevedo either had the opportunity to investigate Plaintiff's claims, but refused to do so, or investigated the conduct of the individual Defendants' and deliberately approved them.

80.     Furthermore, City of Houston is aware of, and has sanctioned the policies regarding HPD's

Internal Affairs Department.

81.     Accordingly, any claim by Defendant City of Houston that its policymakers were unaware of Plaintiff's claims are barred because Defendant City's policies intentionally prevented Plaintiff's claims from being investigated.

82.     Defendant City is further liable to Plaintiff for its failure to train, supervise, control and routinely discipline its officers for misconduct. Defendant City's failures were the proximate cause and moving force behind the constitutional harm Plaintiff suffered, and the residual harm that followed.

83.     Defendant City's failure to adequately train, re-train, supervise, control or discipline it employees is demonstrated by its continued employment of Defendant Bohn. Defendant Bohn has an extensive complaint history, a total of 25 formal complaints, and nearly 70% of which were found to be meritorious. Bohn has 17 *sustained* complaints against him, ranging from [*Criminal Activity*], Improper Police Procedure (5), Misconduct (4), Conduct and Behavior (2), Court Attendance (1), to At-Fault Accidents (4). Bohn had other complaints of excessive force that were Not Sustained. Out of the 25 formal complaints filed against Bohn, he was only exonerated for one complaint, an allegation of Excessive Force. Despite Bohn's pattern of misconduct, Defendant City promoted him to Police Sergeant, allowing him to manage and supervise City's lower-ranking employees.

84.     Defendant City's allowance of Bohn to supervise lower-ranking employees denotes its deliberate disregard to its duty to re-train, supervise and discipline its employees and the harm to its citizens, including Plaintiff, that would reasonably follow. The factual circumstances that Plaintiff–and Mr. Hubbard–found themselves in and violation of their civil rights were foreseeable, preventable and a direct result of City's deliberate renunciation of its legal obligations.

85.    The City of Houston had knowledge of, or had it diligently exercised its duties to adequately instruct, train, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as alleged herein. The City of Houston, had the power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of its inhabitants.

86.    Defendant City of Houston had the opportunity to review the unlawful conduct of Defendants, and upon review, determined that the Defendants acted in conformance to its official policies or otherwise ratified their conduct.

87.    Defendant City–adding insult to injury–told Plaintiff in a letter, bearing the names of the Mayor, each member of City Council and the Chief of Police and "CITY OF HOUSTON" in large font, that the courts were his only means of holding the Defendants accountable for their unlawful conduct. Further demonstrating its deliberate disregard to the actions of its employees and its omissions that harmed Plaintiff.

88.    Furthermore, as the decision to falsely arrest Mr. Giles and Mr. Hubbard was made by a supervisor within the Houston Police Department and was acquiesced to by subordinate officers, this case demonstrates that the City of Houston has a policy, practice, procedure or subculture which, not only allows, but fosters unconstitutional conduct, such as disregarding wholly, or manufacturing probable cause to incarcerate persons arbitrarily deemed deserving of incarceration.

89.    Furthermore, as Sergeant Bohn was acting in his supervisory capacity when he instructed his subordinate officers to engage in unconstitutional conduct, this case presents a self-contained study that HPD's employees are inadequately trained and supervised, or alternatively, that HPD employees are so empowered by a pervasive and pandemic subculture of unlawful conduct, that the probable cause requirement for warrantless arrests is only optional. All of which was

exacerbated by the City of Houston's ratification of Defendants' unlawful conduct.

90.     Further, Defendant City violated Plaintiff's recognized right to due process, guaranteed to him by the Fourteenth Amendment to the United States Constitution, when it allowed a warrant to be issued for Giles arrest pursuant to his Citation and his failure to appear in court when Plaintiff was never provided a court date.

91.     Plaintiff was arrested and served time in jail pursuant to a warrant issued by the City of Houston as a result of his failure to appear in court for his Citation.

92.     Issuing a warrant for failure to appear in court to answer a citation that was 1) never given to Plaintiff; 2) does not include the time, date or location ("Court Date"); and 3) accompanied by an unsworn or inadequately sworn complaint, violated Plaintiff's right to be free from unreasonable search and seizure afforded to him by the Fourth Amendment of the United States Constitution.

93.     Violations of this nature can only occur as a result of institutional failures. Said failures show City's widespread practice of disregarding the rights of its citizens, and a failure to adequately train its employees on an institutional level.

## COUNT 3 – 42 U.S.C. § 1983 CONSPIRACY

94.     Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

95.     Defendants Bohn, Maier, Stewart and Wilson, while at the scene acted in concert to detain, concoct false charges and falsely arrest and prosecute Plaintiff and Mr. Hubbard. No officer reported any other officer for the obvious unlawful conduct.

96.     Each individual Defendant played a role in the conspiracy to unlawfully arrest Plaintiff and Mr. Hubbard. Defendant Bohn suggested that Plaintiff needed to be taken to jail, but failed to state

on what charges. Defendant Stewart suggested the charge of Public Affray. Defendant Wilson began performing a horizontal gaze nystagmus test on Plaintiff, presumably looking for a reason to arrest Plaintiff for public intoxication. Defendant Maier wrote the offense report, which contained falsified statements.

97.     Additionally, none of the conspirators raised any concerns or objections to the unlawful arrest of Plaintiff and Mr. Hubbard.

98.     Instead, Defendants Maier, Bohn, Stewart and Wilson entered into an agreement to frame Giles and Hubbard for a crime they knew or had reason to believe they did not commit, or alternatively, to arrest Giles and Hubbard knowing they lacked the necessary probable cause to do so. In either case, these Defendants knowingly engaged in a criminal activity, Official Oppression.

**COUNT 4 – EXCESSIVE FORCE**
**(against Defendants Bohn and Stewart)**

99.     Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

100.    Acting under the color of law, the Defendants have deprived Plaintiff of the rights and privileges secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws of the United States. Particularly the right to remain free from unreasonable and excessive force.

101.    Plaintiff asserts, in the general sense, that any amount of force applied in the commission of Official Oppression is excessive. As the need for force is nonexistent.

102.    Plaintiff further asserts, that he was handcuffed and physically placed into the back of a police car.

103.    Plaintiff further asserts that while he was being transported into the jail Defendant Bohn and Defendant Stewart applied joint manipulation techniques that were unreasonable and

17

excessive, irrespective of their criminal endeavor.

104.    The force applied caused Mr. Giles physical pain. Mr. Giles was in handcuffs, non-combative and did not pose a threat to the officers or general public.

105.    As a direct and proximate result of the above-described actions of the individual Defendants, Plaintiff was deprived of his rights as guaranteed by the Constitution of the United States and 42 U.S.C. § 1983. These same acts of Defendants were a direct and proximate cause of the violations sustained by Plaintiff under state law.

## STATE LAW CLAIMS

### COUNT 5 – MALICIOUS PROSECUTION

106.    Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

107.    Mr. Giles also brings a state law claim for malicious prosecution against Defendants. Mr. Giles' Public Affray case was terminated in his favor, and Plaintiff is innocent. Defendants played an active role in the original case, there was no probable cause or reasonable grounds to support the original case, and the Defendants initiated or continued the initial case with an improper purpose including malice.

### COUNT 6 – ABUSE OF PROCESS

108.    Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

109.    Defendants Stewart, Bohn and Maier misused a regularly issued process, a citation and/or criminal complaint, for a purpose not lawfully warranted by that particular process.

110.     Defendants did not issue Plaintiff a citation because the law warranted such, but rather to protect themselves from disciplinary action or civil or criminal sanctions, including a judgment for damages in a civil trial, for their criminal–or otherwise unlawful–acts.

111.     As a direct and proximate result of Defendants' unlawful issuance of the Citation, Plaintiff suffered harm.

## COUNT 7 – FALSE IMPRISONMENT CLAIM

112.     By and through Defendants' deliberate disregard to the probable cause requirement for arrest and falsified police reports, Defendants willfully detained Plaintiff; without his consent; and, without, legal authority or justification. Defendants arrested Plaintiff for Public Affray, for fighting in public with Charles Ray Hubbard. Defendants' body camera video of the incident shows that the Defendants knew there was no probable cause to arrest Plaintiff. Specifically, Plaintiff's confinement in the Harris County Jail was a false imprisonment perpetuated by the Defendants' false charges.

113.     In his action for false imprisonment, Plaintiff requests actual damages for humiliation, shame, fright and mental anguish, and loss of earning capacity. Additionally, Plaintiff seeks exemplary damages based on Defendants willful and malicious actions.

## COUNT 8 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

114.     The foregoing paragraphs are incorporated herein as if quoted verbatim.

115.     That the acts and omissions of Defendants were intentional, malicious and oppressive, and calculated to cause, and did cause Plaintiff fear and emotional distress. Further, Defendants actions' were extreme and outrageous in the detention, unlawful arrest and unlawful and malicious prosecution of Plaintiff.

116.    As the proximate result of the aforementioned acts, Giles did suffer severe emotional distress, including but not limited to, humiliation, emotional trauma, mental anguish, prolonged incarceration, physical injuries and has been injured in mind in an amount to be determined at trial.

### COUNT 9 – ASSAULT AND BATTERY

117.    The foregoing paragraphs are incorporated herein as if quoted verbatim.

118.    By their actions, as set forth above, Defendants Bohn and Stewart physically assaulted Giles, when they–after intentionally committing Official Oppression–applied force, including pushing and joint manipulation (or other pain compliance techniques) in the transport of Giles to the HPD Central Jail.  This use of physical force against Giles was unnecessary and excessive.

119.    As a result of the excessive and unnecessary force used against him, Mr. Giles suffered severe and lasting physical and mental injuries.

### VII.
### DAMAGES

120.    Plaintiff re-alleges all of the allegations in the previous paragraphs, as through fully set forth herein.

121.    Mr. Giles has suffered physical pain and suffering, anxiety, fear, humiliation, embarrassment, loss of physical liberty, mental anguish and severe emotional distress and on information and belief, will continue to suffer in the future.

122.    Defendants' conduct was more than mere momentary thoughtlessness, inadvertence, or error of judgment.  Rather, the acts and omissions of Defendants complained of herein were committed with malice, recklessness and/or deliberate disregard to the federally protected rights of Mr. Giles.  In order to punish Defendants for knowingly, intentionally and recklessly engaging in unlawful practices, and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery of exemplary damages from Defendants. *Smith v. Wade, 461 U.S. 30 (1983).*

## VIII.
## <u>ATTORNEY FEES</u>

123.    Upon prevailing in this matter, Plaintiff is entitled to an award of attorney's fees and costs under 42 U.S.C. § 1988 or any other applicable law.

124.    necessity of authenticating the document(s).

## XI.
## <u>JURY DEMAND</u>

125.    Plaintiff hereby demands a trial by jury.

## XII.
## <u>PRAYER</u>

WHEREFORE PREMISES CONSIDERED, upon final hearing, Plaintiff prays for a judgment rendered for Plaintiff and against Defendants, and that this Court award:

a.   compensatory, general, nominal and actual damages, jointly and severally, where appropriate against each defendant;

b.   punitive damages against each defendant, individually, where appropriate;

c.   reasonable attorney fees and costs against all defendants for violations of federal constitutional rights under 42 U.S.C. §§ 1983 & 1988;

d.   pre-judgment and post-judgment interest; and

e.   such other and further relief as this Court may deem appropriate, including (without limitation) declaratory and/or injunctive relief as the Court may deem appropriate under 42 U.S.C. § 1983 to prevent future unconstitutional conduct.

Respectfully submitted,

**ANDRE EVANS & ASSOCIATES, PLLC**

*/s/ Andre D. Evans*
ANDRE D. EVANS

Federal Bar I.D. No. 2553080
Texas State Bar No. 24082970
3003 South Loop West, Suite 108
Houston, Texas 77054
T: (832) 941-1282
F: (832) 778-8353
andre@attorneyandreevans.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing instrument was duly served upon each party to this cause on the CM/EFC system, which will automatically serve as Notice of Electronic Filing on the following:

Jennifer F. Callan
Senior Assistant City Attorney
Attorney-in-Charge
State Bar No. 90001914
Fed. Bar No. 23498
Jennifer.Callan@houstontx.gov
Tel. (832) 393-6270

Jim Butt
Senior Assistant City Attorney
State Bar No. 24040354
Federal Bar No. 725423
Jim.Butt@houstontx.gov
Tel. (832) 393-6320

DONALD J. FLEMING
Senior Assistant City Attorney
State Bar No.  90001914
Fed. Bar No.  23498
Don.Fleming@houstontx.gov
Tel. (832) 393-6303

CITY OF HOUSTON
LEGAL DEPARTMENT
P.O. BOX 368
Houston, Texas 77001-0368
Fax (832) 393-6259

ATTORNEYS FOR DEFENDANTS
CITY OF HOUSTON, DEREK MAIER,
HAROLD BOHN and MARK STEWART

*/s/Andre D. Evans*
Andre D. Evans